GERSHOM STARKWEATHER *vs.* LEWIS LOOMIS.

ESSEX,
March,
1830.

### Motion for a new trial.

That the Court will grant a new trial, as for surprise, when the evidence has been ex-
cluded, which was offered in reliance upon a reported case.

That the merits must not be sacrificed in such a case, but justice be done in the terms
of a new trial.

HUTCHINSON, J.—Said *Loomis* heretofore commenced his ac-
tion of debt on judgement against *Starkweather*, before a justice
of the peace, and the action was appealed to, and tried in, the
county court, and exceptions were taken to the decisions there,
and carried up to the Supreme Court ; and, after a hearing upon
the exceptions, the Court came to a conclusion to affirm the judge-
ment ; yet did not suffer the affirmance to be then entered, but
permitted the defendant to move for a new trial on the ground of
surprise. That motion was filed, and lay till this term for a hear-
ing and for the preparation of affidavits. These have been pro-
cured, and the motion concisely argued without any written briefs.
The ground of surprise was this. The action was debt, predica-
ted upon a judgement recovered by default before a justice of the
peace in *New-Hampshire.* The counsel for *Starkweather* plead-
ed *nil debet*, relying upon impeaching the judgement as a foreign
judgement, and, also, relying upon a case reported by *Daniel
Chipman*, Esq. (see page 59, *King, Adm'r of Ingersol* vs. *Van
Gilder*,) to shew that justice's judgements do not come within the
act of Congress ; and that this judgement of the justice in *New-
Hampshire*, must be treated as a foreign judgement. But, upon
the jury trial, the record of the judgement was produced, certified
by the justice ; and the same contained the copy of the return of
the officer on the original writ, which return was of a service in
*Coos* county, in *New-Hampshire*, by a deputy sheriff of that coun-
ty, stating, as to notice, that he handed a summons to the said
*Starkweather*, &c. and when said *Starkweather*, in defending
this action, offered to impeach the original judgement, by show-
ing that *Loomis* had no cause of action, this was objected to and
rejected ; because he appeared by the record to have had regu-
lar notice of the suit in *New-Hampshire*, and ought to have made
his defence there. This is the decision that was carried up on
exceptions, and affirmed by the Supreme Court ; yet the judge-
ment of affirmance not entered, as before mentioned. Now, at
this term, the affidavits of several of *Starkweather's* family, and
of the officer who served the original writ in *New-Hampshire*, a-
bundantly show, that the only copy of the writ handed to said
*Starkweather*, was handed to him in *Canaan*, in *Vermont*, where

Essex,
March,
1830.
———
Starkweather
vs.
Loomis.

he then lived ; and nothing was shown of his submitting to the jurisdiction in *New-Hampshire*, so as to prevent his going into the merits of the original judgement. The Court consider that *Starkweather*, who now moves for a new trial, has never had any trial upon the merits of the original action brought in *New-Hampshire*. He could have had no trial in *New-Hampshire*, without submitting to the jurisdiction of a court out of his own state. This he ought not to be compelled to do, unless he first submits, by giving his creditor an opportunity to make service on him there. He has had no trial of those merits here ; and yet, neither he nor his counsel are greatly in fault in the matter. It was creditable to his counsel, rather than the reverse, to treat as law, a reported decision of the Supreme Court of this state, that went the whole length of this case upon the point in question ; that is, that the judgement of a justice of a neighboring state, is to be treated as a foreign judgement. It is true, that decision was made before the same subject had undergone so much investigation in the several states, as has occurred since that time. But the counsel cannot be blamed by this Court nor by their client, for not anticipating that this decision would be overruled. Yet such is the case, and it is a misfortune to this petitioner, and his antagonist, that it could not have been known before so much money was expended in the suit.— But when the subject came to be examined upon principle, and in connexion with the statutes, that give large jurisdictions to justices of the peace, this Court have felt constrained to decide, that, though a justice of the peace has no clerk, yet, where the law requires him to keep records, he must be considered as his own clerk ; and, if he has no appropriate seal, he may use a common seal, or possibly certify, that he has no seal attached to his office, as an excuse for his omitting to attach one to his copies of his record.

The testimony now adduced is not in a technical sense *newly discovered evidence*, because the petitioner himself knew the fact, and knew who else would most probably remember it, also. On this ground a new trial could not be granted. But the fact is, so long as he and his counsel expected to be let into the merits of the original judgment without evidence to this point, upon the authority of the case cited, there was no reason why they should think of procuring testimony to this fact, of the copy's being delivered in *Vermont*. It is the surprise occasioned in this way, that claims the attention of the Court.

Whether this testimony should come in under the plea of *nil debet*, or whether there should be a special plea, is not a ques-

tion before us, and the counsel may consider that, and prepare as they judge most safe.

A new trial is granted, on the terms, that *Starkweather* pay all taxable cost, so far back as to include the cost of the last jury trial ; and that he take no cost so far back as to include that trial, should he eventually recover in the suit.

New trial granted.

*Wm. Mattocks,* for *Starkweather.*
*Young,* of *Colebrook,* for *Loomis.*