## ZEBINA BLODGET vs. LYMAN JORDAN.

A judgment rendered by a justice of the peace in New-Hampshire, may be proved here by a copy of the record, certified by him, with proof that he is a justice of the peace.

The judgment of a court of record in another state, where the court had jurisdiction, and where the parties had notice and appeared, and had a trial on the merits, is conclusive upon the matters adjudicated upon, and also of the amount of the judgment in an action of debt thereon.

The merits of such a judgment cannot be inquired into when given in evidence under a plea of *nil debit*.

Parol proof is not admissible to shew that an appeal from such judgment was granted; this can only appear from the record.

This was an action of debt on judgment of a justice of the peace, rendered in Coos county, New-Hampshire. Plea, 1st, *Nil debit* and joinder.—2d, That cause of action in declaration

Essex,
Mwsh,
1834.

Blodget
vs.
Jordan.

did not accrue within six years, and joinder.—3d, That the defendant appealed from the judgment of a justice in New-Hampshire ; traversed.

Plaintiff produced a copy of the record of the justice in New Hampshire, attested by the justice. It was conceded that Brooks, the justice, was *de facto* justice, and that it was his signature.

The defendant, to support the issue on his part, offered to show that the note on which the action in New-Hampshire was founded, was more than six years due, before the writ in the present suit was issued, which was rejected by the court.

The defendant also offered to show that the said note was given for an illegal consideration, which was rejected by the court.

The defendant also offered another copy of the record of said justice, to show an appeal ; and also a written contract of submission annexed ; also parol proof that there was an appeal from said judgment of said justice, which was rejected by the court.

Whereupon, a verdict was returned for the plaintiff. To which decisions of the court—admitting said copy of said justice's record, so certified, and rejecting the evidence offered by the defendant aforesaid—the defendant excepted. Exceptions allowed and certified.

After reciting the attachment containing a declaration upon a note dated June 5th, 1827, for $7,30 on demand, the service upon the defendant, which was the attachment of a hat, and notice, by leaving a summons, and a continuance, to the regularity of which no objection is made, the record proceeds as follows :—

" Coos, ss. } " *Be it remembered*, That at a justice's court holden at Northumberland, in the county of Coos, and state of New-Hampshire, on the 20th day of September, A. D. 1830, before William Brooks, Justice of the Peace within and for the county of Coos aforesaid, Lyman Jordan, of Columbia, in said county of Coos, yeoman, was attached of his property, to answer unto Zebina Blodget, of Lemington, in said county of Essex, yeoman, as per writ and declaration on file ; at which time and place the parties appeared, and answered by themselves and counsel, and, after a full hearing, as well on the part of the plaintiff as of the defendant, the court render judgment for the plaintiff to recover of the defendant

Essex,
March,
1834.

Blodget
vs.
Jordan.

the sum of $8,49 damages, and his costs taxed and allowed at $5,73, whereof he may have execution.

" Execution has now issued.

"WILLIAM BROOKS, *Justice of Peace.*"

"*Coos, ss.   Northumberland,*
*September 27th,* 1833.

" I certify that the within and foregoing is a true copy of the writ, declaration, officer's return, and record of judgment in the aforesaid action.

"Attest,        WM. BROOKS, *Justice of Peace.*"

Upon the record produced by the defendant, nearly the same as the above, there was an addition, " this entry appealed to," and also the following certificate:—

" I further certify, that I have no means of knowing whether there was an appeal taken from my decision in the aforesaid cause to the court of common pleas, other than by the appearance of the above record, as I have no recollection upon the subject.   I further say that I have previously signed copies of this case for James Steele, Esq. which copies he made from the file, and presented me for my certificate which I gave, in the hurry of the moment, without examining the record.   Those copies differ in some respects from the above, and in that particular in which they differ, I find by a minute examination of the record they are incorrect.   The words ' *appealed to,*' as in the above record, do not appear upon the record I certified for said Steele, but do appear upon my docket.   The word ' *appealed*' appears to have been blotted.   Those words, ' *appealed to,*' upon my docket, are in my hand-writing.   Why they were placed there, I know not.

"WM. BROOKS, *Justice Peace.*"

*Mr. Bell for defendant.*——The judgment is a foreign judgment, and but *prima facie* evidence of debt, and the defendant had a right to go into a trial of the original cause of action.—1 Chit. Pl. 95.—Doug. Rep. 1, 4.—4 T. R. 493.—3 East. 221—11 do. 124.—3 Taunt. 85.—1 Chip. 59.—1 N. H. Rep. 242.—4 N. H. Rep. 450, *Robinson* vs. *Prescott.*—2 Pick. 448, *Warner* vs. *Flagg.*—2 Cranch, 238.—2 Stark. Rep. 7.— 1 Cain's Rep. 460.—8 John. Rep. 173.—5 John. Rep. 132; also, Starkie's Evidence.

But if the court hold the law of Vermont to be that judgment, with notice and trial, is conclusive, then the defendant says that the plaintiff, by joining the issue in *nil debit,* and traversing the other pleas instead of demurring, has thrown open the

whole original defence to the defendant, and he is at liberty to go into the merits.

The plea of *nil debit* puts the plaintiff on proof of the whole of the allegations in the declaration.—1 Chit. Pl. 478.—1 Cowen's Rep. 670, *Jameson* vs. *Ostrander.*

The language of this plea puts in issue the existence of the debt at the time of bringing the action, and, consequently, any matter may be given in evidence under this plea, which shows that nothing was due at that time, as performance, release, want of consideration, or other matter in discharge of the action.—1 Chit. Pl. 477, and authorities there cited.

It is held that the statute of limitations, though inadmissible under *non-assumpsit*, is a good defence in debt on simple contract, because the plea is in the present tense.—Gould's Pl. 333.—1 Saunders' Rep. 283 (n. 2.)—Ld. Raymond, 153, 566.—1 Salk. 278.—Com. Dig. Pl. 2 W. 16.

When *nil debit* is pleaded, and joinder, there is no difference between debt on judgment and debt on simple contract. If the statute cannot be shown under *nil debit*, it may be pleaded especially, as in this case. But if *nil debit* is pleaded to debt on bond, and the plaintiff, instead of demurring, accepts the plea and joins in the issue, the defendant is at liberty to prove any and every special matter of defence which can be proved in debt on simple contract—such as want of consideration, release, usury, payment, infancy, &c.; for the plaintiff, by accepting the plea, founds his demand solely upon the defendant's being indebted, and thus comes the estoppel or conclusive evidence of the fact which the deed would have furnished against the defendant under the plea of *non est factum*, or in debt on judgment, the conclusive evidence of the record under *nul tiel record*.—Gould's Pl. 311, see § 12.—5 Esp. Rep. 38.—Chit. Pl. 478.—4 McCord, 380.

As to the third plea, it alleges a fact subsequent to the judgment, and therefore may be proved like other subsequent facts, as for instance, payment by parol. It is not in either case contradicting the record, but showing some fact that vacates or satisfies the judgment. And if the judgment is conclusive, plaintiff should have demurred, and not traversed;—having traversed, throws the matter open to be proved in the same manner as other facts, as before remarked in reference to plea of *nil debit*.

Essex,
March,
1834.

Blodget
vs.
Jordan.

*Steele & Cushman for plaintiff.*—The supplementary certificate of the justice, of facts out of the judicial proceeding in the case, is not evidence. These facts must be established by legal evidence : that is, the statement under oath by the justice.—N. Y. Dig. 418.—11 John. 166.

The copies, therefore, offered by the defendant, should have been excluded, even had they fully shown an appeal; because matter manifestly inadmissible was inseparably connected with said copy.—N. Y. Dig. 421–30.—13 John. 350.—15 John. 239.

The rejected record does not show an appeal. Compare the record offered with the plea. To what court was the appeal taken ? When and where was the entry of the appeal to be made ?—N. H. Stat. 66.

Who was recognized for costs ? Was the appeal entered in two hours or two months ?

By the statute of New-Hampshire, the appeal must have been taken to the court of common pleas, to be holden at Lancaster, on the —— Tuesday of —— next after said 20th day of September, (N. H. Stat. p. ——,) being the next day after said cause was tried before justice Brooks. The defendant did not show he so entered, or attempted to enter the action.

Said court of common pleas would not have sustained the action with such a copy, if attempted.—Vt. R. vol. 4, p. 557— do. vol. 2, 263, 575.

The minute on the docket of said justice "appealed to," could not be received as the record.—1 N. Y. Dig. 410.—9 John. R. 287.

Parol proof would not be received to supply the place of, or contradict the first record offered.

If plaintiff had improperly obtained an incorrect record, the defendant should have filed affidavits suggesting diminution of the record, and procured the justice to correct the record and copy.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—All the questions which arise in this case, are embraced in the following, viz : Whether the copy of the record of the judgment rendered by the justice, in New Hampshire, was admissible in evidence ; and whether the evi-

Essex,
March,
1834.

Blodget
vs.
Jordan.

dence offered by the defendant was admissible; and this is to be decided by determining the effect of the judgment.— Both of these questions have heretofore been settled. In the case of *Starkweather* vs. *Loomis*, (2 Vt. Rep. 573,) a certified copy of a record from a justice of the peace, in New-Hampshire, was considered as the appropriate evidence of a judgment rendered by him; and such judgment, where both parties appeared, was considered as conclusive, on the merits of the controversy adjudicated upon. It has not been questioned, at this time, in argument, but that the judgment was sufficiently authenticated; and, on the authority of the decision above mentioned, there can be no doubt as to the sufficiency of the evidence, for that purpose. That a judgment of a court of record, in another state, where the court had jurisdiction, and where the parties had notice, appeared, and had a trial on the merits, is conclusive, has too often been decided, to be questioned at this time. It is contended, however, by the defendant, that this evidence was admissible under the pleadings which were put in. It is to be noticed, however, that in the case of *Loomis* vs. *Starkweather*, the plea was similar to this. The plea was probably bad, and would not have stood the test of a demurrer; but we are not aware that the form of pleadings can alter or change the effect of a judgment. A judgment duly rendered, is conclusive between the parties, upon the subject in controversy. Whether it is plead in bar, or given in evidence, where it is proper to be given in evidence, its effect is the same. The merits of a regular judgment cannot be inquired into, where it is given in evidence under a proper or an improper plea, any more than when it is plead as a bar. All the evidence which was offered, both under the first and second issue, was to impeach the judgment, or rather to show, that there was no cause of action, on which that judgment was rendered; and was inadmissible for that purpose. The evidence offered, in relation to the appeal, on the third plea, was also properly rejected. The certificate of the justice, as to his recollection, and the manner of his certifying the copy, which was read by the plaintiff, as to what appears in his hand-writing, and what was erased, was no evidence at all. But further: if an appeal was granted, it must have appeared from the record, that such was the case, and could not be proved by parol. We learn that the statute of New-Hampshire is simi-

74

Blodget
vs.
Jordan.

lar to ours, in requiring bail to be entered before an appeal is allowed. It is apparent from both the copies certified, that no bail was entered, or any appeal allowed. On this plea also it is to be remarked, that traversing the plea did not dispense with the legal evidence to be required in proof of the fact. Whether an appeal was allowed or not, could only be proved by the record, and by nothing else.

The judgment of the county court must be affirmed.