## Lumus Jewell v. James Lamoreaux.

*Remedy: Dismissal of writ of replevin: Final determination: Writ of error.* Writ of error is the proper remedy to review the decision of a circuit judge dismissing a writ of replevin and quashing all proceedings, with costs, on a motion; such an order was a final determination of the suit, with a judgment against the plaintiff for costs.

*Dismissal of writ: Motion: Questions of fact: Affidavits: Evidence.* The dismissal of a writ on motion based upon affidavits, on the grounds that the defendant was a deputy sheriff and the writ was directed to the sheriff and served by another deputy, that the writ was issued without authority of law, and that the service was unlawful and irregular and gave the court no jurisdiction, is held to be error; the questions sought to be determined were not properly triable on affidavits, but should have been in some way brought to trial on evidence upon an issue of fact.

*Pleadings: General issue: Plea in abatement.* Whether these questions could have been tried under the general issue, or would more properly be the subject of a plea in abatement:—*Quære ?*

*Heard and decided July 24.*

Error to Kent Circuit.

*Champlin, Butterfield & Fitzgerald,* for plaintiff in error, were stopped by the court.

*Eben Smith,* for defendant in error, insisted that error was not the proper remedy.

PER CURIAM.

This was an action of replevin brought by Jewell against Lamoreaux in the court below. The property was taken on the writ and delivered to the plaintiff. The defendant moved on affidavits for an order dismissing the writ and quashing all proceedings, on the grounds that the defendant was a deputy sheriff and the writ was directed to the sheriff and served by another deputy, that the writ was issued without authority of law, and that the service was unlawful and irregular and gave the court no jurisdiction. The affidavit and writ, however, were in the usual form, against the defendant individually, and did not disclose his official capacity. The court below granted the motion, with costs to be taxed, including an attorney's fee of five dollars.

The decision of the court below was erroneous. The motion raised questions of fact that did not appear on the face of the papers, and that were not properly triable on davits. The questions sought to be determined were such as should have been in some way brought to trial on evidence upon an issue of fact. Whether this could be done under the general issue, or would be more properly the subject of a plea in abatement, it is unnecessary to determine.

The order granted being a final determination of the suit, with a judgment against the plaintiff for costs, is properly reviewable on writ of error.

Judgment reversed, with costs, and a new trial ordered.