GEORGE W. ENDICOTT *vs.* AUGUSTUS M. MORGAN.

Cumberland, 1876.—October 25, 1876.

*Pleading.*

The plea of *nul tiel record* to a judgment rendered in a court of record of another state concluding with an issue to the country is bad on demurrer.

Whether *nil debet* is not a good plea to such a judgment where the court rendering it had not jurisdiction, *quære.*

When a judgment is rendered by a state court having no jurisdiction, that fact may be shown by a plea in bar to such judgment.

ON EXCEPTIONS from the superior court.

DEBT on a judgment of the supreme judicial court of New Hampshire, to which the defendant pleaded *nul tiel record*, concluding to the country, with a brief statement, among other things, that the judgment was rendered without notice, and that the court had no jurisdiction.

The plaintiff demurred to the plea because it concluded with an issue to the country, instead of a verification ; he made no answer to the brief statement.

The justice sustained the demurrer, after joinder, adjudged the plea bad, and ordered judgment for the plaintiff ; and the defendant alleged exceptions.

*J. Howard & N. Cleaves,* for the defendant, contended in substance, that a conclusion of the plea of *nul tiel record*, with a verification, would ·be improper, because the plea is in the negative, and because it introduces no new matter ; that they had the statute right to plead the general issue with a brief statement ; ·that *nul tiel record* was the general issue in this case, and that the plea and brief statement together ·constituted a full and sufficient answer to the declaration ; that although the formal conclusion to the country is not proper in a plea of *nul tiel record*, to a domestic judgment, which is conclusive until reversed, it is proper to a foreign judgment which is only *prima facie* evidence, and not conclusive.

*P. Bonney,* for the plaintiff, contended, in substance, that although the defendant might rightfully plead the general issue of *nul tiel*

*record*, yet he had no right to plead it with a conclusion to the country ; that the issue raised by this plea is the existence of the record as declared on, and is to be determined by the court by an inspection of the record, or an exemplification thereof; that not having properly pleaded the general issue, the brief statement has no force ; that had the defendant filed a proper plea of the general issue, the different issues could have been made and tried, as in *Potter* v. *Titcomb*, 16 Maine, 423, the only case in which this question has been raised in this state, and which is decisive of the case at bar.

APPLETON, C. J. This is an action of debt upon a judgment recovered in the supreme judicial court of New Hampshire, to which the defendant pleaded *nul tiel record*, with an issue to the country, and brief statement setting forth that when the suit on which the plaintiff's alleged judgment was rendered, was commenced, he was not, nor has he since been a resident in the state of New Hampshire ; that he had no last and usual abode in said state, no agent or attorney, and no property therein; that he never had notice of the pendency of said suit, and said judgment was rendered without his knowledge or consent, and that the court in which said judgment was rendered had no jurisdiction over his person or his property.

To the plea the plaintiff specially demurs because it tenders an issue to the country instead of concluding with a verification.

To the brief statement no replication is made. It is left without notice. Its existence is ignored.

The issue on the plea of *nul tiel record* to be determined, is whether there is such a record or not. The parties cannot, unless where it is a foreign judgment, put themselves on the country, when this is the plea. This issue is to be determined by the court on inspection and examination of the record, and not by the jury. Stephens on Pl. 130. "Whether there is a record or not," observes Parker, C. J., in *Hall* v. *Williams*, 6 Pick. 232, 237, "is generally to be tried by the court, and not the jury ; for it is to be tried by inspection only, and the court are the proper judges whether what is shown for a record is one. If the judgment declared on is of a foreign court, it is not treated as a record, and a

plea of *nul tiel record* is not a proper plea ; but under an issue to the country, all exceptions may be taken to what is produced as a record, and the judgment proved is only *prima facie* evidence of debt."

The plea of *nul tiel record*, as it concludes with an issue to the country, is bad.

It is intimated in *Hall* v. *Williams*, that when the defense is, that the court rendering judgment had not jurisdiction, the plea of *nil debet* may be used, and that under that plea the jurisdiction of the court may be inquired into. In *Thurber* v. *Blackbourne*, 1 N. H. 242, *nil debet* was held to be a good plea to an action of debt on a judgment rendered in a court of record of another state, when it did not appear from the record in the suit that the defendant had notice of the suit. This decision was reaffirmed in *Wright* v. *Boynton*, 37 N. H. 9. But it is not necessary to decide whether it be a good plea or not; for it is universally conceded that the defense of want of jurisdiction may be pleaded in bar to a judgment rendered in another state.

But *nul tiel record* is not all the answer made to the plaintiff's declaration. The brief statement sets forth facts which, if true, negative jurisdiction on the part of the court by which judgment was rendered. It affords a complete answer to the plaintiff's claim. The record of the judgment of the court of another state, is only entitled to full faith and credit when the court has jurisdiction of the person. Such has been the uniform decision of the courts.

The brief statement was properly filed. Any special plea may be pleaded which would be good to avoid the action. The defendant may show by plea that the court rendering judgment had no jurisdiction of the person sued, or the subject matter of the suit. *Shumway* v. *Stillman*, 4 Cow. 292. In *McVicker* v. *Beedy*, 31 Maine, 314, the judgment was held void upon a plea embracing substantially the facts set forth in the defendant's brief statement. In *Price* v. *Hickok*, 39 Vt. 292, there was a plea of *nul tiel record*, and a plea setting forth facts similar to those in the defendant's brief statement ; and the court held, they constituted, if proved, a defense to the judgment in suit.

The brief statement, if true, is a complete defense. The demurrer relates only to the general issue. The plea is bad, but by R. S., c. 82, § 19, the defendant may plead anew on payment of costs from the time when it was filed.

> *Plea bad. Defendant has leave to plead anew on payment of costs as provided by R. S., c. 82, § 19.*

DICKERSON, BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.