EMERSON, TALCOTT & CO. v. THE McCORMICK HARVEST-
ING MACHINE CO.

*Error—Dismissal of case—Suits within the State between foreign corpora-
tions—Notice.*

Error lies upon an order finally dismissing a common law action of
trover where the grounds of the motion to dismiss are made part of
the record.

Foreign corporations may sue each other in Michigan if both are doing
business within the State and the cause of action accrued there.
Act 256 of 1881.

The requirement that notice must be sent to the home office of a foreign
corporation against which suit is brought in Michigan is not juris-
dictional, and in a proceeding in personam is extra-territorial, if not
nugatory.

Where trover is brought against a foreign corporation and personal ser-
vice of the writ is made upon the proper officer, the omission to
notify the home office of the suit, as provided by law, is a mere
irregularity and not a jurisdictional defect.

Error to Kalamazoo.    April 27.—June 13.

TROVER.    Plaintiff brings error.    Reversed.

*H. F. Severens* for appellant.

*Howard & Roos* for appellee.

SHERWOOD, J.    The parties to this suit are two corpora-
tions organized under the laws of the state of Illinois; and
at the time of the commencement of this suit both were
engaged in the business of introducing and vending agri-
cultural implements in Kalamazoo in this State; each hav-
ing a business office at that place and a depository of such
implements.    While the parties were thus engaged in busi-
ness the facts and circumstances transpired out of which the
alleged cause of action in the case arose, and all occurred in
this State.

The action is trover for the conversion by defendant of

five hundred dollars worth of the plaintiff's property at Kalamazoo.

The writ was served personally on the secretary of the defendant company at Kalamazoo, and after the plaintiff had filed his declaration.

The defendant appeared specially and moved to dismiss the plaintiff's suit and quash the writ on these grounds : 1st. Because the court had no jurisdiction of the parties, both being foreign corporations. 2nd. Because there was no sufficient service of the process. 3rd. Because the plaintiff did not, within thirty days after the commencement of the suit, send notice of the suit by mail to the defendant at its home office.—The circuit judge sustained the motion, and gave judgment dismissing the suit, and for ten dollars costs against plaintiff, who now brings error.

Defendant's counsel insist error is not the proper remedy. This is a mistake. A final disposition was made of the plaintiff's case at the circuit in a suit according to the course of the common law. Graham's Prac. (2d ed.) 932, 933 ; Jewell v. Lamoreaux 30 Mich. 155 ; Stall v. Diamond 37 Mich. 429. The grounds of dismissal are a part of the record in this case, and must be read in connection with the order of the circuit court dismissing the case.

Our statutes expressly authorize domestic corporations to sue and be sued. 1 Comp. L. p. 1148, sec. 1. Foreign corporations may do business and bring suits in this State. 2 Comp. L. p. 1837, sec. 1. And since the statute of 1881, whatever may have been the situation before, suits may be brought against them. The statute of 1881 is as follows :

" suits may be commenced at law or in equity in the circuit court for any county of this State where the plaintiff resides, or service of process may be had, and in cases where the plaintiff is a non-resident, in any county of the State, against any corporation not organized under the laws of this State, in all cases where the cause of action accrues within the State of Michigan, by service of a summons, declaration or chancery subpoena within the State of Michigan, upon any officer or agent of the corporation, or upon the conductor of any railroad train, or upon the master of any

vessel belonging to and in the service of the corporation against which the cause of action has accrued : *Provided,* That in all such cases no judgment shall be rendered for sixty days after the commencement of suit, and the plaintiff shall, within thirty days after the commencement of suit send notice by mail to the corporation defendant at its home office." p. 348, sec. 1.

It is claimed by defendant's counsel that this statute does not apply to a foreign corporation defendant, when both parties are foreign corporations, but only when a natural person is plaintiff. Why this distinction is made is not obvious. A foreign corporation may bring suit where an individual, or domestic corporation can. 1 Comp. L. p. 1148 sec. 1 ; p. 1837 sec. 1. There is certainly nothing in reason why it should not be liable to a suit here for a violation of the rights of others committed in this State. A very large portion of the business of Michigan is now done and managed by foreign corporations, many of them having local or branch offices and places of business in our midst, conducted by one or more of their officers or agents, who in behalf of such corporations are constantly dealing with our people, and reaping the benefit of the thrift and enterprise of our citizens, and so long as the defendant acts de facto as a corporation in this State it should have no right to immunity not extended to an individual or to a corporation organized here. " To extend to the defendant the comity of permitting it to do business here, prosecuting its objects in our community for gain, sueing our citizens, and enjoying all the privileges and protection afforded by our laws and at the same time giving to it entire immunity from suit, is an intolerable abuse of courtesy, and contrary to the ordinary principles and reasons on which the doctrine of comity rests."

In this case the statute seems to have been complied with except that portion of the proviso which requires notice of suit to be sent by mail to the home office of the corporation defendant within thirty days after the commencement of suit. This requirement, if valid, is not jurisdictional.

It is extra-territorial, in a proceeding in personam, and which several authorities hold nugatory. *Pennoyer v. Neff* 95 U. S. 714; *Price v. Hickok* 39 Vt. 292; *Scott v. Noble* 72 Penn. St. 115; *Arnold v. Tourtellot* 13 Pick. 172. But if mailing the notice were necessary, the only object to be accomplished is information to the principal officers having control of the company's affairs, of the existence of the suit. This was fully accomplished when service was made upon the secretary whose principal business was at the home office, and who says in his affidavit, " had notice by mail been sent, he would have been the person at the home office to receive it." He had already been served with a certified copy of the writ. It is difficult to see what necessary or useful purpose would have been accomplished had the notice been mailed.

Under the circumstances of this case and as they appear upon this record we must hold the omission to send the notice to the home office an irregularity only, the general officers of the company having been fully apprised of the commencement of the suit, by a personal service of the process on one of their number in this State.

The judgment at the circuit must be reversed with costs, and the case permitted to go to trial.

The other Justices concurred.