## PHINEAS PIERCE ET AL. v. PETER JOHNSON AND SARAH J. HEALY.

*Attachment—Debt not due—Affidavit—Jurisdiction—Bond for release of property—Writ of error.*

1. The taking possession of the property by a mortgagee, pursuant to the terms of the mortgage, within a few days after its execution, is not of itself a badge of fraud, as diligent and honest creditors may take this course to secure their debts.

2. When the facts alleged in an affidavit for attachment are consistent with an honest purpose on the part of creditors to secure their just claims, no case is made to authorize the seizure of the debtor's property by attachment.

3. The execution of a bond by a stranger to an attachment suit, from whose possession the property was taken, to secure its release, will not affect the rights of the defendant, who was not a party to the bond, nor operate as a waiver of his right to move to quash the writ.

4. A writ of error will lie in behalf of a defendant in attachment, after final judgment, to review the proceedings, where his motion to quash the writ has been denied, and he has done nothing to waive the defect complained of or to confer jurisdiction upon the court.

5. Where the only facts stated in an affidavit tending to show an exigency for issuing a writ of attachment before the maturity of the debt, under Act No. 149, Laws of 1889 (3 How. Stat. § 8016*a*), are the recent execution and filing of two chattel mortgages covering the property of the defendants, the taking possession of the property by an assignee of the mortgages and its rapid sale at retail by him, the filing of a bill of sale from one of the defendants (who were copartners) upon all of his tangible personal property, and the insolvency of the firm, no case is stated justifying the issuance of the writ.[1]

Error to Gogebic.    (Haire, J.)    Argued May 12, 1892. Decided  October 4, 1892.

Attachment.   Defendant Healy brings error.   Reversed, and judgment entered in this Court quashing the proceedings.   The facts are stated in the opinion.

*Hammond & Kissane* (*Edward Cahill,* of counsel), for appellant.

*M. M. Riley,* for plaintiffs, contended:

1. The decision of the court sustaining a motion to quash a writ of attachment is not reviewable on error; citing *Holbrook v. Cook,* 5 Mich. 225; *Adams v. Church,* 22 Id. 79; *Faust v. Circuit Judge,* 30 Id. 266; *Townsend v. Tudor,* 41 Id. 263; *Miller v. Circuit Judge,* Id. 326; *Gore v. Ray,* 69 Id. 114; and the same rule is applicable where the motion is denied, the remedy being by *mandamus;* citing *People v. Circuit Judges,* 1 Doug. 434; *People v. Circuit Judge,* 27 Mich. 303; *Comstock v. Circuit Judge,* 30 Id. 98; *Miller v. Circuit Judge,* 41 Id. 326; *Baldwin v. Circuit Judge,* 48 Id. 525.

GRANT, J. This suit was commenced by attachment under Act No. 149, Laws of 1889. This act authorizes the commencement of suit by attachment before the debt is due. The act requires the affidavit to "show reasons

---

[1] See *Howell v. Circuit Judge,* 88 Mich. 361.

for the immediate issuance of the writ to the satisfaction of the circuit judge." The affidavit was made by the attorney for the plaintiffs, and the only facts stated therein tending to show an exigency for the issuance of the writ are as follows:

"That recently, and upon October 27, 1890, two certain chattel mortgages were executed and filed, covering the property of Peter Johnson and Sarah J. Healy, copartners, as aforesaid; that the assignee of the mortgages has taken possession of the property therein described, and is now selling the same at retail, and at a rapid rate; * * * that there has been placed on file in the office of the recorder for the city of Ironwood, Mich., a bill of sale from Peter Johnson upon all his tangible personal property; * * * and that the firm of Peter Johnson & Co. is wholly insolvent."

All other allegations in the affidavit are upon information and belief. The property seized was in the possession of a third party, who obtained its release from the attachment by giving a bond conditioned for the payment of any judgment that might be recovered against the defendants, Johnson and Healy. Neither of the defendants was a party to the bond.

The defendant Healy appeared specially, and entered a motion to quash the affidavit and writ, for the reason, among others, that the affidavit made no case to justify the issuance of the writ. This motion was overruled by the court. The defendants took no further steps, and judgment was entered against them upon default. Defendant Healy brings error.

It is not claimed that the chattel mortgages and bill of sale were not given to secure *bona fide* debts. The record does not contain either the mortgages or bill of sale. In the absence of any statement of the provisions of the mortgages, it must be presumed that the mortgagees took possession and were proceeding to sell in accordance with

their terms. The law authorizes the debtor to give either or both to secure his creditors. The fact that the mortgagees took possession within a few days after the execution of the mortgages is not, of itself, a badge of fraud. Diligent and honest creditors may take this course to secure their debts. When the facts alleged in the affidavit are consistent with an honest purpose on the part of creditors to secure their just claims, no case is made to authorize the seizure of a debtor's property by attachment.

The motion to quash should have been granted. The bond given by the party from whose possession the property was taken by the sheriff, and who was a stranger to the suit, in no manner affected the rights of the defendants, and did not operate as a waiver of their right to move to quash.

After judgment, the writ of error was the proper remedy for a review of the proceedings in this Court. *Jewell v. Lamoreaux*, 30 Mich. 155; *Stall v. Diamond*, 37 Id. 429; *Emerson, Talcott & Co. v. Machine Co.*, 51 Id. 5; *Warren v. Crane*, 50 Id. 300. The defendants had done nothing to waive the defect in the affidavit, or to confer jurisdiction on the court.

Judgment must be reversed, and judgment entered in this Court quashing the proceedings.

The other Justices concurred.