## HIRSH *v.* FISHER.

1. APPEAL AND ERROR—NOTICE OF PROCEEDINGS—WAIVER.
   Defendants in error will be held to have waived any failure to give them proper notice of the proceedings in error, where the case is heard without objection, and the record is prima facie sufficient to present the proceedings below.

2. NEW TRIAL—REHEARINGS—CIRCUIT COURT—CERTIORARI.
   Circuit Court Rule 21 authorizes the circuit court to grant a rehearing on a certiorari to a justice of the peace.

3. PROCESS — SERVICE ON JOINT DEFENDANTS — JUDGMENT — VALIDITY.
   Where partners are sued before a justice of the peace, and only one is served with process, a judgment for plaintiff against all is not void merely because of want of service on the other defendants. 1 Comp. Laws, § 840.

4. PLEA IN ABATEMENT—SPECIAL APPEARANCE.
   Where joint debtors are sued before a justice of the peace on the theory of the existence of a partnership between them, a special appearance by the only defendant served to have the proceedings dismissed on the ground that he was not a copartner is not equivalent to a plea in abatement requiring replication and proof by plaintiff to meet it.

5. AFFIDAVIT SERVED WITH SUMMONS — ADMISSIBILITY — KNOWLEDGE OF AFFIANT.
   An affidavit served with a justice's summons to the effect that defendants were justly indebted to the plaintiffs in a certain sum, as a balance due for goods sold and delivered, is admissible in evidence, though it does not state that affiant is agent, attorney, or bookkeeper for plaintiffs.

6. EVIDENCE—ADMISSIONS—PARTNERS.
   In a suit in justice's court against partners, only one of whom was served with process, to recover an alleged balance due on account for goods sold and delivered, oral testimony that the defendant who was served bargained for the goods, that they were accepted and used by defendants, and were not paid for, is admissible.

7. SECURITY FOR COSTS—JUSTICE'S COURT.
   Failure of a nonresident plaintiff to file security for costs in a

suit begun before a justice of the peace will not require reversal of a judgment for plaintiff where no proper demand was made and security was furnished in circuit court pending certiorari.

8. ATTORNEYS — APPEARANCE—JUSTICE'S COURT — PROOF OF AUTHORITY.

Proof of authority of an attorney to appear for plaintiff in justice's court is unnecessary, under section 762, 1 Comp. Laws, unless demanded, where joint debtors are sued, and one of them, with his attorney, remains in the court-room throughout the trial, without objecting to the appearance of the attorney for plaintiff.

Error to Mason; McAlvay, J. Submitted October 6, 1904. (Docket No. 28.) Decided October 26, 1904.

Assumpsit in justice's court by Sol. J. Hirsh and others, copartners as Hirsh, Wickware & Parks, against William Fisher, Isaac Fisher, and David Fisher, copartners as Fisher Bros., for goods sold and delivered. A judgment for plaintiffs was reversed by the circuit court on certiorari, and plaintiffs bring error. Reversed.

*Fitch & Reek*, for appellants.

*V. A. Fitch* (*A. A. Keiser*, of counsel), for appellees.

HOOKER, J. Plaintiffs commenced this action by summons issued by a justice of the peace. Judgment was rendered in favor of the plaintiffs, and the defendants removed the cause to the circuit court by certiorari, where the judgment was affirmed. A motion for rehearing was afterward granted, which rehearing resulted in a reversal of the judgment of the justice and the entry of a judgment in favor of the defendants for costs. The plaintiffs have brought the case to this court by writ of error.

The return of the justice shows that the summons described the defendants as copartners doing business under the name of Fisher Bros., and the officer's return states that he served the writ upon "Fisher Brothers, a copartnership, by delivering to William Fisher, one of said

copartners, a copy," etc.   The plaintiffs appeared by attorney upon the return day of the summons, and defendants appeared specially by attorney, and moved to quash the proceedings on the grounds that William Fisher was not a copartner; that there was no proper service of the summons; and that the affidavit proving the claim, served with the summons, did not state that the affiant was agent, attorney, or bookkeeper of the plaintiffs.   This motion to quash being denied, plaintiffs declared orally, and defendants refused to plead or take further part in the case. After an interval the justice proceeded to try the cause, both counsel being present; also defendant William Fisher.   Testimony was introduced by reading the affidavit attached to the summons, and Mr. Reek, attorney for the plaintiffs, was sworn as a witness.   He stated that:

"William Fisher, of Fisher Brothers, told him [the witness] that he [William Fisher] bargained for the goods declared upon;. that they were accepted by the defendants; and used in their stock at their store, and were not paid for."

At this juncture counsel renewed the motion to quash, offering an affidavit in support of it, the substance of which was that William Fisher was not a member of the firm of Fisher Bros.; that he was a bankrupt, but had not yet received his discharge in bankruptcy.   The plaintiffs objected to this motion upon the ground that defendants had appeared specially and refused to plead, and for other reasons.   Other testimony was introduced by the plaintiffs, and judgment was rendered in favor of the plaintiffs and against the defendants for $64 damages and $3 costs.

Among the errors alleged in the affidavit for certiorari are the following, viz.:   The justice erred:

" (1) In trying the cause on the return day, and before service was had upon two of the defendants.
" (6) In receiving in evidence the affidavit filed as proof of claim.
" (7) In deciding that the evidence offered was sufficient to make a case against Fisher Bros.

"(12) In not requiring a nonresident plaintiff to give security for costs.

"(14) In rendering judgment for the plaintiffs, when it was not shown that Henry Reek, who appeared for the plaintiffs, had authority to do so.

"(15) In rendering a judgment in the face of the fact that the Fishers' uncontradicted affidavit showed that William Fisher was a bankrupt, his case pending in a Federal court, and that he was not a copartner in the firm of Fisher Bros."

The other assignments of error are either covered by the foregoing or abandoned.

Before the cause was heard in the circuit court, on motion of the defendants' counsel, security for costs was ordered and filed. On April 17, 1903, the judgment was affirmed by a judgment duly entered. On April 21, 1903, a stay was ordered for the purpose of giving an opportunity for a motion for a new trial, etc., the time to make the same being extended to the first day of the succeeding term. On June 16, 1903, such motion was made, and it was granted on June 27, 1903, exception being duly taken. On July 7th the case was again heard, and on January 25, 1904, the judgment of the justice was reversed, defendants obtaining a judgment to that effect, and for costs.

Counsel for the defendants raise the preliminary question that the case is not properly before us, and therefore should not be considered. We find a writ of error and a return, accompanied by a certified transcript of the proceedings shown by the files and records of the circuit court, which include the return of the justice. The case has been heard without objection, and, if defendants have not been properly notified of any of the proceedings, we must treat the irregularity as waived.

The first point to be considered is the validity of the order granting a rehearing and the subsequent judgment of reversal. We know of no authority holding that the power of a court to grant new trials does not include a rehearing upon certiorari. This motion was made under a seasonable order "extending the time for the application for new

trial, rehearing, or such other steps as might be necessary to obtain a rehearing or a review." We are of the opinion that Circuit Court Rule 21 covers hearings upon certiorari, and that the motion in this case was in compliance with the rule.

The other questions relate to proceedings before the justice. The record shows that only one of the defendants was served with process, and the only appearance is said to have been special for the purpose of a motion to quash. The justice so understood it, and acted upon such understanding. It seems to have been the theory of plaintiffs' counsel that the service upon the copartner was a service upon them all, and that he might treat them all as before the court upon proof of such a service. He appears to have taken judgment against all upon such an understanding, but it does not follow that the judgment is erroneous for that reason. Actions are brought against individuals as such, and each has a right to be served with process before he is subjected to imprisonment or loss of property in consequence. But when joint debtors are sued before a justice of the peace, and all are not served with process, judgment is rendered against all, as was done in this case. See 1 Comp. Laws, § 840. In this case William Fisher was sued with others as a joint debtor. He only was served with process. The justice had jurisdiction to try the case, and did try it, and his judgment was not void for want of service on the other defendants.

Counsel for William Fisher appeared specially, and sought to have the proceedings dismissed upon the ground that he was not a copartner. Counsel say that this was equivalent to a plea in abatement, under *Fisher* v. *Northrop*, 79 Mich. 288; that plaintiff should have filed a replication, and offered proof upon this question. Had the defendant chosen to appear, one of the questions upon the trial might have been whether he was in fact a copartner and joint debtor as charged, and another whether he was a bankrupt discharged from this obligation. As to the

latter question the burden of proof would have been upon him, and as to the former there is evidence in the record making a prima facie case of partnership. So, if we were to treat this as a proper appearance and plea, we should be compelled to sustain the finding of the justice. The affidavit filed was not plea and evidence also. See *Jewell* v. *Lamoreaux*, 30 Mich. 155. We are of the opinion that the affidavit served with the summons and oral evidence made a prima facie case for plaintiffs, and that they were admissible; the latter question being one, however, not usually considered upon certiorari, where there is evidence properly admitted sufficient to make a prima facie case.

It is said that the judgment should be reversed because security for costs was not required by the justice, and for the further reason that plaintiffs' counsel offered no evidence of his authority to appear and prosecute the case. William Fisher was present, and, according to the record, all of the defendants were represented by counsel on the return day. No objection was made to the appearance of counsel before the justice, and, while the plaintiffs did not file security for costs, counsel for plaintiffs then and there said to defendants' counsel that if he desired security for costs he would step into an office near by and obtain a Mr. Stray to indorse his name on the docket as such, but defendants' counsel made no reply, and the matter appears to have dropped. Security was subsequently furnished in the circuit upon defendants' motion. We think this sufficient to justify a judgment of affirmance.

The affidavit for certiorari alleges that defendant Fisher and his attorney remained in the court-room throughout the trial, and that no proof was offered to show the authority of plaintiffs' attorney. The return of the justice is silent upon the subject.

The statute (1 Comp. Laws, § 762) provides:

" The authority to appear as attorney for any party may be either written or verbal; and such authority shall be proved by the attorney or other competent testimony, in all cases where requested by the opposite party, or where the opposite party shall not appear."

We are of the opinion that this should not have a technical construction. William Fisher, the defendant served, did appear—i. e., he was present with counsel throughout the trial—and he caused a motion to be made in the case, which he now says should be given the effect of a plea. No objection was made to the appearance of counsel for plaintiffs. Defendant William Fisher did appear in the sense of being present. We think that was an appearance within the meaning of the statute, and hence proof was unnecessary unless demanded.

The judgment of the circuit court is reversed, and that of the justice affirmed. Judgment will be entered accordingly.

The other Justices concurred.