Russell *v.* Thayer et als.

---

TITUS H. RUSSELL *v.* EPHRAIM THAYER AND JEFFERSON PRATT, *Trustees of* JOHN CURTIS, AND EPHRAIM THAYER, *Claimant.*

*Trustee process. Claimant.*

If one, who is, with another, summoned as trustee, enter also as claimant, and appear before the commissioner, without objection either to his appointment or the hearing before him on the question of his rights as claimant, and if the question of his liability of trustee depend upon precisely the same fact as his right to the fund as claimant, so that if adjudged trustee he could

not prevail as claimant, and *vice versa;* he will not be allowed, after the coming in of the commissioner's report, to have a trial by jury, or the court, as to his rights as claimant, but will be bound by the finding of the commissioner, so far as that suit is concerned.

But it is questionable, whether, under the trustee act of 1853, the rights of one, who is merely a claimant, can be tried before a commissioner.

The 19th section of the trustee law in the Compiled Statutes, chap. 32, page 258, is repealed by the trustee act of 1853 (laws of 1853, page 10,) only so far as relates to proceedings, under the last named act, against the trustee alone, and proceedings on the part of a claimant, in that single character, stand upon the same statutory ground as if the law of 1853 had not been been enacted.

*Quære,* whether the claimant of funds sought to be attached by the trustee process, who has neglected to file allegations of his claim, as contemplated by sec. 51 of the trustee law, Comp. Stat. p. 263, is entitled to any trial of the merits of his claim, either by jury, or by the court.

The questions in this case have reference solely to the liability of the trustees, and the rights of the claimant.

Ephraim Thayer was summoned as trustee, and also entered as claimant. The case, shortly after it was entered in court, was, in the ordinary mode, under the statute of 1853, on motion of the plaintiff's counsel, referred to a commissioner to take disclosure of the trustees, and other proofs, according to the provisions of the statute. Thayer, before this time, had entered as claimant, and counsel had appeared for him upon the docket, but they were not consulted in regard to the appointment of a commissioner, nor did it appear that they were aware of the plaintiff's motion at the time it was made and passed upon, or that they were not; from some circumstances it would rather seem probable that they might not have been aware of the motion at the time it was passed upon by the court. They made no objection either to the appointment of the commissioner, or the hearing before him.

When the commissioner's report was returned, the counsel for Thayer, as claimant, moved the court to grant him a jury trial upon the question of the alleged fraudulent conveyance of the notes, by Curtis to him, and also for leave to give further evidence upon that question, in any mode the court should direct. But the court overruled the motion, and decided as matter of law, that Thayer was bound by the finding of facts by the commissioner, unless, for

cause shown, the court should set it aside ; and rendered judgment on the report against Thayer and Pratt, for all the money paid to Thayer after the service of the trustee process, deducting the amount of Thayer's debt against Curtis, and against Pratt for all the sum due upon said notes, excepting the last six notes, which were the property of Curtis' wife, and also against Thayer for the money paid him by Pratt. To all which the claimant, Thayer, excepted.

The facts relative to the liability of the trustee sufficiently appear in the opinion of the court.

*E. Weston* and *Peck & Colby,* for the claimant.

*Washburn & Marsh,* for the plaintiff.

The opinion of the court was delivered by

BARRETT, J. The posture of Thayer, who alone excepted to the decision of the county court, sufficiently appears from the bill of exceptions.

The question discussed at the bar is, whether Thayer, in virtue of *his character as claimant,* was entitled to have, as between him and the plaintiff, his right to the funds in question, heard and tried in court, either by the court or by a jury, as provided in sec. 54 of chap. 32, of the Compiled Statutes.

If he was related to the suit only in the character of claimant, instead of the two characters of trustee and claimant, it might be questionable whether proceedings could be taken under the trustee act of 1853, touching his rights as claimant. We are clear that the 19th sec. of the trustee law of the Comp. Stat., is repealed by the act of 1853, only so far as relates to proceedings under the last named act against the trustee alone, and that proceedings on the part of a claimant, in that single character, stand upon the same statutory ground as if the law of 1853 had not been enacted.

Thayer was summoned as trustee of Curtis, as also was Pratt. The object was to reach credits or money of Curtis, accruing by reason of notes given by Pratt to Curtis, and by Curtis transferred to Thayer. Pratt had been notified by Thayer, of said transfer before process was served on him. He had paid some money on

one of said notes to Thayer, before process was served. He paid some after such service. If Thayer held the notes in good faith, as against Curtis' creditors, then, of course, neither Thayer nor Pratt could be held as trustees. If Thayer did not so hold them, then Thayer would be chargeable with the money he had received on them, and Pratt, if affected. with knowledge of the *mala fides*, in which Thayer held the notes, would be chargeable with whatever he paid to Thayer after service of the trustee process on him, and for the unpaid residue of the debt evidenced by the notes.

The case went to a commissioner under the law of 1853, as against Thayer and Pratt in their character as trustees.

Thayer appeared by himself and counsel, in his two characters of trustee and claimant. Pratt appeared in his sole character as trustee. The disclosures and examination of the trustees, and the testimony of other witnesses, were duly taken by the commissioner, without objection on the part of Thayer, on the ground of his having any rights peculiar to himself as claimant, and not identical with his rights as trustee.

The commissioner has made his report, therein finding, that said transfer of the notes to Thayer, by Curtis, was in fraud of the plaintiff, and that Pratt was cognizant, and chargeable with knowledge of that fact.

Now it is obvious that as against this plaintiff, the question of Thayer's liability as *trustee*, involved, covered and exhausted the entire ground on which his right as *claimant* rested.

Whether trustee or not, depended entirely on the question whether he received that transfer of the notes in good faith, as against Curtis' creditors. His right as claimant depended solely on the same question. As against this plaintiff, his assuming the character of claimant was wholly gratuitous; for whatever right he had, would be as fully protected when asserted in his character as trustee, as if asserted in the character of claimant. If he was not trustee, then he was to be discharged with the full possession and enjoyment of the notes and their proceeds. If he was trustee, but for the claim which he interposed, that claim could not relieve him. For the very facts which made him trustee annihilated all ground of claim.

This being so, the commissioner, in the discharge of his duty

with reference to Thayer as trustee, necessarily, and without exceeding the strictest limits of his authority, heard and determined the whole subject of Thayer's rights, both as trustee and claimant.

Without intimating any opinion as to what would have been the view of the court if Thayer, on the ground of his being claimant and owner of the notes and their proceeds, had protested against the commissioner's proceeding in any manner with reference to, or as affecting his rights as claimant, we are all clear, that by reason of his having appeared before the commissioner specifically in both characters, and contested the whole subject relatively to his rights in both characters, without objection or protest, the county court acted properly in refusing his application for another hearing in court upon the same subject, so far as the rights of the plaintiff against him personally are concerned. We think he should be held as trustee according to the judgment of the county court.

As between Thayer and Pratt, with reference to the unpaid notes, we have no occasion to express any opinion touching the rights of Thayer to a new or different hearing as claimant, for we understand the plaintiff's counsel to make no claim beyond the money for which Thayer, and Thayer and Pratt are adjudged trustees.

When the plaintiff's judgment is satisfied, the other parties would stand with reference to each other, on grounds peculiar to their relation, and unaffected by adjudications in behalf of the plaintiff, except so far as payments may have been made to the plaintiff in pursuance thereof.

It may be proper to suggest, that section 54, of the trustee law, seems to contemplate that the claimant shall, in order to entitle him to a trial as to his rights, draw up and file allegations of his claim, to the end that an issue may be formed whereon a trial may be had.

This is to be done of right, and without leave of court.

Until this be done, there is nothing before the court whereof he can predicate a claim of right to a trial.

Inasmuch as Thayer, in this case, had filed no allegations of claim, it would seem very doubtful, whether, in any view, the refusal of the county court to delay judgment, and grant him a new hearing, could be regarded as erroneous.

The judgment of the county court is affirmed.