HORACE SIBLEY *v.* J. C. JOHNSON, STUART D. BROWN, AND HENRY HUMPHREY, TRUSTEES, AND HENRY HUMPHREY, CLAIMANT.

*Trustee Process. Claimant. Patent Right. Sale. Failure of Consideration. Fraud.*

The fact that an instrument purporting to convey patent rights was inoperative for that purpose, would not entitle the purchaser to recover, as claimant, funds of the seller in the hands of a trustee, received for property exchanged for the patent rights, in the absence of fraud, on the part of the seller, in respect to the insufficiency of said instrument. And in the absence of any finding of the commissioner in respect to such fraud, the court will not presume it from the fact that the instrument was inoperative, it not appearing that the seller intended or knew it to be such.

Nor could he recover as claimant on the ground of total failure of consideration in the purchase of the patents. To entitle a claimant to the funds in the hands of a trustee, he must show a present legal right thereto; it is not sufficient to show a valid claim or right of action against the defendant.

TRUSTEE PROCESS. This case was heard on report of commissioner as to liability of trustee at the June term 1869, PECK, J., presiding.

The court rendered judgment that the trustee is chargeable for the funds in his hands, to which the claimant excepted.

The facts found by the commissioner are sufficiently stated in the opinion.

*Dickey & Gambell*, for the claimant.

*Hebards*, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, C. J. The case comes before this court upon exceptions taken by the claimant, to the decision of the county court, making the trustee, S. D. Brown, chargeable as trustee.

It appears from the report of the commissioner, that the claimant, Henry Humphrey, bargained with the principal defendant, Johnson, respecting certain patent rights, and that he gave the said Johnson $400 for the rights, and said Johnson executed to him two instruments, purporting to convey the rights according to their agreement; that upon the execution and delivery of said instruments, the said Humphrey gave the said Johnson his note for $100, and let him have two colts at $300, making the consideration to be paid for said rights. After the colts were thus delivered, Johnson put them into the hands of Brown the trustee to be sold. Brown sold them and got the money for them, and it is in respect to the money, thus in the hands of Brown, that this controversy arises.

The claimant seeks to hold the money in the hands of Brown, on the ground that Johnson defrauded him in the transaction, by which he obtained the colts. The only foundation for this claim is the fact, that the instruments executed by Johnson, purporting to convey the rights contracted for, were inoperative for that purpose, and did not convey the rights. The commissioner does not find that the said Johnson practiced any fraud in this respect, or that he had any such intention, or knew that the instruments were not sufficient to convey the rights; for aught that appears, the claimant had all the knowledge on the subject that Johnson had, and that both parties acted upon the supposition and belief that all was done that was necessary to convey the rights. It does not appear that the rights were not valuable, or that any other person claims the rights, or that Johnson's title was not good, or that he is not willing to make the titles good; all that the report shows is, that he had been written to on the subject, and had not done it.

Upon such a state of facts we are not to presume fraud on the part of Johnson.

But it is said there was an entire failure of consideration, such as to entitle the claimant to recover back his property. How that would prove to be, in an action between the claimant and Johnson, brought to determine that question, we cannot now say. In this case it is not sufficient for the claimant to show that he has a right of action against Johnson, but he must show that the money in the hands of Brown is his money, that he has a present legal right to it. The fact that he has a valid claim upon Johnson does not give him the right to seize Johnson's money or other property to satisfy that claim until he has first obtained a judgment thereon.

Upon the facts found by the commissioner we think it quite clear that the title to the colts passed to Johnson.

The claimant has never rescinded, or attempted to rescind, the contract, as between himself and Johnson. The last that passed between them, so far as the report shows, was a call upon him by the claimant to complete and make good his contract, and it does not appear that Johnson refused to do it. This being so, it is quite manifest that when Brown as the agent of Johnson sold the colts and received the money for them, that money belonged to Johnson, and not to the claimant, and was subject to the trustee process of the plaintiff.

Judgment of the county court affirmed.