## COUNTY OF CALEDONIA,

#### AT THE

### MAY TERM, 1883.

#### PRESENT:

Hon. TIMOTHY P. REDFIELD,  
Hon. H. HENRY POWERS,  
Hon. WHEELOCK G. VEAZEY, } ASSISTANT JUDGES.  
Hon. RUSSELL S. TAFT,

---

## NATIONAL BANK OF ST. JOHNSBURY *v.* R. E. PEABODY & CO.

*Judgment Void Rendered in Another State, None of the Parties Residing There, When, &c.*

1. The plaintiff bank was located in Vermont; one of the defendants was and still is a resident of Vermont, and the other of Louisiana. The plaintiff obtained a judgment by default in a court in New Hampshire, having attached the defendant's real estate situated there; but no personal service of process was made, no notice was given except a constructive one by publication according to the laws of New Hampshire, and no appearance by the defendants; in an action brought upon the same cause of action as the former one, *Held*, that the original cause of action was not merged in the New Hampshire judgment; and that this action could be sustained.

2. *McGilvray* v. *Avery*, 30 Vt. 538, distinguished.

ASSUMPSIT. Heard on demurrer to a replication to a plea in bar, December Term, 1882, Ross, J., presiding. Replication adjudged sufficient. The questions raised by the pleadings are stated in the opinion.

*Belden & Ide,* for the defendants.

The plea in bar sets forth a good defence. The action is assumpsit ; and the plea avers in substance that the entire cause of action has been merged in a judgment rendered in New Hampshire by a court of competent jurisdiction upon the same promises set forth in this declaration. The New Hampshire judgment is a merger of the cause of action, and a bar to a further prosecution of the suit. *McGilvray* v. *Avery,* 30 Vt. 538 ; *Lapham* v. *Briggs,* 27 Vt. 31 ; *Rubber Co.* v. *Hoit,* 14 Vt. 94 ; *Hayward* v. *Clark,* 50 Vt. 615 ; *Green* v. *Starr,* 52 Vt. 428. By the replication the plaintiff offers to show, not by the record but by parol, that the former judgment was *in rem* only ; that the defendants were not served with process except constructively by publication ; that they did not appear in the suit ; and that jurisdiction was acquired by the New Hampshire court only by the attachment of property and the publication. It will be observed that it is not the defendants who are trying here to defend against the former judgment. They assent to it, affirm its validity as a judgment, and offer to treat it as in all respects a valid and conclusive judgment against them. *Rogers* v. *Odell,* 39 N. H. 452 ; *Bank* v. *Wheeler,* 28 Conn. 433 ; *Child* v. *Powder Works,* 45 N. H. 537 ; *Andrews* v. *Varrell,* 46 N. H. 17 ; *Henderson* v. *Staniford,* 105 Mass. 504 ; *Gleason* v. *Dodd,* 4 Met. 339 ; *Bank* v. *Hooper,* 5 Gray, 574 ; *Reid* v. *Holmes,* 127 Mass. 327. Judgments like this have uniformly been held valid unless assailed *by the defendant.* *Buck* v. *Abbott,* 6 Vt. 590 ; *Stevens* v. *Fisher,* 30 Vt. 200 ; *Hendrick* v. *Whittemore,* 105 Mass. 23.

*Poland,* for the plaintiff.

Under these circumstances the law is perfectly settled that the judgment of the New Hampshire court has no force, except upon the property within its jurisdiction. The defendants not being

within the jurisdiction, having no personal notice of the suit, and not having submitted to the jurisdiction by appearing, the judgment has no force as a judgment *in personam*. *Price* v. *Hickok*, 39 Vt. 292. The case of *Lapham* v. *Briggs*, 27 Vt., was decided upon the language of the pleas, " that the defendants had legal notice" and " that this appeared of record." The decision in no way conflicts with the case of *Price* v. *Hickok*. See 3 Gray, 508; 13 Ib. 591; 37 N. H. 470; 29 Me. 19. Where the court has no jurisdiction a judgment, without notice or appearance, as a judgment *in personam*, is an absolute nullity. 7 N. H. 257; 11 N. H. 299.

The opinion of the court was delivered by

VEAZEY, J. The demurrer to the replication raises the question whether the plaintiff, a national bank located in Vermont, having recovered judgment by default against the defendants, one then and still a resident of Vermont and the other of Louisiana, in a court of New Hampshire, upon the same cause of action upon which the present suit was brought, can maintain this action here, no personal service of the process in the New Hampshire case having been made on the defendants and they not having appeared in the suit, but that suit having been commenced by attachment of real estate of the defendants situated in New Hampshire, and constructive notice given by publication according to the laws of New Hampshire. There is high authority for holding that if the defendants had been residents of New Hampshire, but temporarily absent from the state, which occasioned the lack of personal service, they would have been upon principles of international law subject to the laws and the jurisdiction of the courts of that state; therefore the plaintiff would also be bound by the New Hampshire judgment. *Henderson* v. *Staniford*, 105 Mass. 504. In Freeman on Judgments, s. 570, (3 Ed.,) the rule is thus stated: " The position, however, which seems to be best sustained, both by reason and by precedents, is that each state has the authority to provide the means by which its *own citizens* may be brought before its courts; that the courts of other states have no authority to disregard the means thus provided; and finally that every judgment

or decree obtained in a state against some of its citizens by virtue of a lawful though constructive service of process should be as obligatory upon such citizen in every other state as it is in the state where it is taken." In this State the law is settled that the New Hampshire judgment, upon the objection of the defendants, would be inoperative as a judgment *in personam*. *Price* v. *Hickok*, 39 Vt. 292.

But it is claimed in behalf of the defendants that as they do not here object to the New Hampshire judgment, the plaintiff is bound by it ; that it was voidable only, not void. The soundness of this claim depends upon the scope and effect of the New Hampshire proceedings. The service in that action was sufficient so far as the action was in the nature of a proceeding *in rem*. That is, the judgment was effectual to enable the court to reach the property attached and have it applied in satisfaction so far as it went. The amount not being sufficient to satisfy the whole judgment gave occasion for further remedy by this action in Vermont. If the publication of notice had not been preceded by an attachment, the New Hampshire judgment would have been void as a judgment *in personam*, though the statutes of New Hampshire had provided for notice in this way. This was held in the case of *Pennoyer* v. *Neff*, 95 U. S. 714, a leading case where the whole subject of the effect of constructive notice is ably discussed. If the New Hampshire judgment was absolutely void as a personal judgment, then the plaintiff properly disregarded it in bringing this additional action. Treating the case of *Pennoyer* v. *Neff, supra,* as controlling where the notice is by publication without attachment of property, then the only question left is whether the attachment added anything to the personal character of the judgment. This question seems to be well answered by Mr. Justice MILLER in *Cooper* v. *Reynolds*, 10 Wallace, 308, where, in discussing the character and effect of the proceeding where there had been an attachment of property of an absent defendant and publication of notice, followed by a judgment by default, he says : " If the defendant appears, the cause becomes mainly a suit *in personam*, with the added incident that the property attached remains liable, under the control of the court, to answer to any demand which may be

established against the defendant by the final judgment of the court. But if there is no appearance of the defendant, and no service of process on him, the case becomes in its essential nature, a proceeding *in rem*, the only effect of which is to subject the property attached to the payment of the demand which the court may find to be due to the plaintiff. That such is the nature of this proceeding in this latter class of cases is clearly evinced by two well considered propositions: first, the judgment of the court, though in form a personal judgment against the defendant, has no effect beyond the property attached in that suit. No general execution can be issued for any balance unpaid after the attached property is exhausted. No suit can be maintained on such a a judgment in the same court, or in any other ; nor can it be used as evidence in any other proceeding not effecting the attached property ; nor could the costs in that proceeding be collected of the defendant out of any other property than that attached in the suit. Second, the court in such a suit cannot proceed unless the officer finds some property of the defendant on which to levy the writ of attachment. A return that none can be found is the end of the case, and deprives the court of further jurisdiction, though the publication may have been duly made and proven in court."

. In the case of *Pennoyer* v. *Neff*, Mr. Justice FIELD says this doctrine received the approval of all the judges, and after citing and discussing many cases, he adds : "In all the cases brought in the state and federal courts where attempts have been made under the act of Congress to give effect in one state to personal judgment rendered in another state against non-residents, without service upon them, or upon substituted service by publication, or in some other form, it has been held without an exception, so far as we are aware, that such judgments were without any binding force except as to property, or interests in property, within the state, to reach and effect which was the object of the action in which the judgment was rendered, and which property was brought under the control of the court in connection with the process against the person. The proceeding in such cases, though in the form of a personal action, has been uniformly treated, where service was not obtained and the party did not voluntarily appear,

as effectual and binding merely as a proceeding *in rem,* and as having no operation beyond the disposition of the property, or some interest therein. And the reason assigned for this conclusion has been that the tribunals of one state have no jurisdiction over persons beyond its limits, and can inquire only into their obligations to its citizens. when exercising its conceded jurisdiction over their property within its limits."

This case has been followed by others in the federal courts to the same effect. See *Brooklyn* v. *Insurance Co.,* 99 U. S. 370; *Empire* v. *Darlington,* 101 U. S. 92; *St. Clair* v. *Cox,* 106 U. S. 350. To the same purport was the holding in *Bissell* v. *Briggs,* 9 Mass. * 469. PARSONS, Ch. J., says: "If however these goods, effects and credits are insufficient to satisfy the judgment, and the creditors should sue an action on that judgment in this state to obtain satisfaction, he must fail; because the defendant was not personally amenable to the jurisdiction of the court rendering the judgment." Similar citations could be made from our own reports and from those of other states, but the federal cases are recent and cover the ground. We do not overlook that the precise question involved in the above cases was mainly as to the rights of the defendants as effected by such judgments; but the discussion also involved the general character and effect of the proceedings. The case of *McGilvray* v. *Avery,* 30 Vt. 528, most relied on by defendants, was distinguished from this by the fact that the New Hampshire court there had jurisdiction over the defendant as well as the subject matter of the action. The point here is whether the New Hampshire judgment, as a *personal* judgment, was void or only voidable. The ground upon which it would be pronounced voidable would be that the court never obtained jurisdiction over the persons of the defendants; but this would make the judgment void. The judgment was rendered by reason of jurisdiction over property of the defendants. In its operation and effect upon that it was neither void nor voidable. Beyond that it was either valid or invalid, independent of the choice of either party. It was not erroneous. There was no error in it. The proceeding was regular. The court had the

right to proceed as it did proceed; and to the extent that the judgment was satisfied by the property attached, the proceeding would bar a recovery in this action. To that extent the judgment there is available here in behalf of the defendants the same as a payment would be. That is, that judgment is conclusive between the parties as to the property of the defendants there attached and appropriated to its satisfaction, but beyond that and as a judgment *in personam* we think it is a nullity. That court, having no jurisdiction of the defendants, had no power to adjudge as against them upon the amount of the plaintiff's claim, no power to pass upon the defendants' personal rights and obligations; therefore, a judgment in form against them, as an incident of the proceeding against the property attached, could not operate as a merger of the original claim. We think the proceedings had no further force or effect than to enable the New Hampshire court to apply the property there attached, or its proceeds, on the plaintiff's claim as established in that proceeding; that beyond this it created no right either against the defendants or in behalf of the plaintiff. It therefore furnished no basis upon which to bring a suit. We do not think the effect of the attachment was to aid the constructive service of the process so as to make it equivalent to personal service, except to the extent that the court was reaching after property within its jurisdiction. " Jurisdiction of the property does not draw after it jurisdiction of the person."

The case of *Rangely* v. *Webster*, 11 N. H. 299, was similar to this in the facts and question involved, and the same conclusion was reached. In a well stated-opinion the court say : " To maintain the position that in the case of an action upon the judgment, the judgment is void, and may be so treated, but that when the action is upon the original demand the same judgment is valid, is to maintain that the form and manner of the action adopted determine the character of the former judgment, its validity, or invalidity, instead of the facts and circumstances attending its recovery." *Whittier* v. *Wendall*, 7 N. H. 257 ; *Downer* v. *Shaw*, 22 Ib. 282 ; *Wright* v. *Boynton*, 37 Ib. 9 ; *Bank* v. *Butman*, 29 Me. 19 ; *Kane* v. *Cook*, 8 Cal. 449 ; Bigelow Estoppel, 240, 251.

TAFT, J., dissents.                          Judgment affirmed.