## EASTMAN *v.* DEARBORN.

A judgment by default against one not an inhabitant of this state, where there is no service of the writ except by publication, is not a judgment *in personam,* and can be given no force or effect beyond an appropriation of the property attached on the writ.

In an action on such a judgment, the validity of an attachment of the defendant's property on the original writ cannot be questioned.

*Kendrick* v. *Kimball,* 33 N. H. 482, qualified.

DEBT, on a judgment. Facts found by the court. July 3, 1877, the plaintiff commenced a suit against the defendant, and a horse of the defendant, attached upon the writ, was sold by the officer July 9 for $43.15. The officer's return stated that he made no service of the writ upon the defendant for the reason that he was not an inhabitant of the state. The defendant left the state in June, 1877, and did not return until some time in 1878, and during that time was not an inhabitant of the state. The suit was entered at the October term, 1877, and continued to the next term, with on order of notice to the defendant by publication, which was complied with. At the April term, 1878, judgment was recovered against the defendant upon default for $88.08 damages and $14.75 costs, and execution issued, upon which the money remaining in the hands of the officer was applied in part satisfaction. This suit is brought to recover the balance of the judgment. The defendant offered to show that the horse attached was his only horse, and exempt from attachment; also, that he did not know of the bringing of the suit, or of the pendency thereof, until long after the judgment was recovered. The plaintiff offered to show that the defendant did know of the bringing of the suit, and of the attachment soon after the attachment was made. The court ruled that

the evidence offered was immaterial, and rejected it; and the parties respectively excepted. The court also ruled that the judgment obtained by the plaintiff was valid only as against the property of the defendant attached, and ordered judgment for the defendant; and the plaintiff excepted.

*George R. Stone*, for the plaintiff, cited *Currier* v. *Sutherland*, 54 N. H. 475; *Hall* v. *Williams*, 6 Pick. 240; *Currier* v. *Gilman*, 55 N. H. 365; *Packard* v. *Matthews*, 9 Gray 311; *Johnson* v. *Thaxter*, 12 Gray 198; *Kendrick* v. *Kimball*, 33 N. H. 482; *Ward* v. *Cole*, 32 N. H. 452; *Ward* v. *Howe*, 38 N. H. 40, 41; *Ellsworth* v. *Learned*, 21 Vt. 535; *Lapham* v. *Briggs*, 27 Vt. 26; *Stevens* v. *Fisher*, 30 Vt. 200; *Morrison* v. *Underwood*, 5 Cush. 54; *Thatcher* v. *Gammon*, 12 Mass. 268, 269; *Flint* v. *Sheldon*, 13 Mass. 443; *Morris* v. *Boomer*, 16 Wis. 569; Sto. Conf. Laws, *ss*. 21, 539, 43, 46, 49, 50, 56; *Picquet* v. *Swan*, 5 Mason 43; *Pennoyer* v. *Neff*, 95 U. S. 740.

*Shirley & Stone*, for the defendant.

ALLEN, J. In the former suit, the defendant's property was attached and sold, and the proceeds applied in part satisfaction of the judgment then obtained. The validity of that attachment, or its sufficiency to enable the plaintiff to enter the action, and give the defendant notice of the suit by publication according to the statutes (G. L., *c*. 223, *s*. 9, *c*. 226, *ss*. 3, 4), cannot be questioned in this suit. If the proceedings by which the property was appropriated were irregular because the property was exempt from attachment, advantage of the irregularity cannot be taken in a suit to enforce the collection of the unsatisfied balance of the judgment.

The judgment, which is attempted to be made the foundation of this action of debt, was rendered upon default without other notice of the suit to the defendant, who was a non-resident, than that given by publication. At common law a judgment is void unless rendered upon personal notice to the defendant or his appearance to the action; and this rule, as a part of the body of the common law, prevails in this state. *Wilbur* v. *Abbot*, 60 N. H. 40, and cases cited. No court has jurisdiction beyond the state which created it, and cannot effectively send its process for execution beyond the limits of the state; and an order of notice by publication made within the state cannot be more effective than a summons or other process sent out of the state. The natural and just right, universally recognized, which every person has of appearing and answering to an action before he shall by a judgment be deprived of liberty or property, is not met or sustained by process sent abroad for service, nor by a newspaper notice which may or may not reach the party, and no jurisdiction of the person is ac-

quired by notice of that kind.  Judgments may be valid for some purposes, and void for other purposes.  That a judgment be valid against all parties and for all purposes, the court in which it is rendered must have jurisdiction of the subject-matter of the suit, and of the person or persons against whom it is rendered.  *State* v. *Richmond*, 26 N. H. 232.  By the attachment of the defendant's property within the state in the former suit, jurisdiction of the property was acquired, and the judgment rendered without other notice to the defendant than the statutory one by publication, and without his appearance to the action was valid for the purpose of appropriating the attached property to the payment of the debt, and for no other purpose.  No jurisdiction of the defendant's person having been acquired by the proceedings, the judgment is void as a personal one against the defendant beyond its effect upon the property taken, and cannot be made the foundation of another suit to collect the unsatisfied part.  *Boswell's Lessee* v. *Otis*, 9 How. 336 ; *Cooper* v. *Reynolds*, 10 Wall. 308 ; *Pennoyer* v. *Neff*, 95 U. S. 714 ; *Brooklyn* v. *Insurance Co.*, 99 U. S. 362 ; *St. Clair* v. *Cox*, 106 U. S. 350 ; *Pana* v. *Bowler*, 107 U. S. 529 ; *National Bank* v. *Peabody*, 55 Vt. 492.  The principle is recognized and adopted in the fourteenth amendment to the constitution of the United States, which declares that "no state shall deprive any person of life, liberty, or property without due process of law."  Notice of a suit to a non-resident debtor by publication as a substitute for personal service within the state cannot be due process of law, and a judgment rendered upon such notice without appearance of the defendant in a suit brought to determine the private rights and obligations of the parties can have no validity.  The case of *Kendrick* v. *Kimball*, 33 N. H. 485, to the extent that it decides that a judgment rendered without personal service of process upon the defendant, or without his appearance in the suit, is valid as a personal judgment upon which an action of debt can be maintained, cannot be sustained.

*Exception overruled.*

SMITH and BLODGETT, JJ., did not sit:  the others concurred.