Hogle *v.* Mott.

# GRAND ISLE COUNTY,

## JANUARY TERM, 1890.

Present:   ROYCE, Ch. J., TAFT, ROWELL and TYLER, JJ.

### GEORGE H. HOGLE *v.* HENRY MOTT.

*Notice to absent defendant.   R. L. ss.* 1402–4.   *Audita querela.*

1.  R. L. ss. 1402–1404, providing for notice to a non-resident defendant, apply to justice as well as other courts.

2.  After the principal defendant in a trustee suit has been so notified, only such proceedings are necessary to charge the trustee as would be in case of personal service upon such defendant within the State.

3.  A judgment will not be set aside on *audita querela* because, since its rendition, an item embraced in it has, without fraud, been recovered for in another suit in another State.

*Audita querela* to set aside a judgment obtained by the defendant against the plaintiff as principal defendant and one Hilliker, as trustee, before John Carle, justice of the peace. Heard at the September Term, 1889, TYLER, J., presiding, upon an agreed statement of facts. Judgment for the defendant. The plaintiff excepts.

The suit in which was obtained the judgment here sought to be set aside was as to a contract, by which Hogle was to deliver to Mott certain hay, for the breach of which both parties claimed damages. Mott had paid Hogle $100 upon this contract, which he claimed to recover and which was embraced in the judgment here attacked. After Mott had obtained this judgment before the justice, Hogle sued him in New York. In that suit he, Hogle, claimed certain damages, and credited the amount of this $100 paid him by Mott in reduction of those damages. The referee found the damages and reduced them by the $100; and

Hogle had judgment for the balance.  He now insists that, inasmuch as the same $100 is embraced in the judgment in question, Mott has twice received the benefit of it, and that therefore this judgment should be set aside.  The other facts appear in the opinion.

R. L. ss. 1402–4 read as follows:

"1402.  When an action is commenced, an absent defendant, residing or being without the State so that process cannot be served on him, may be notified of the pendency of such action and given opportunity to make defence therein, by the delivery to such person personally, at any place without the State, of copies of the process and pleading, and of an order for such delivery stating the time and place when and where he is required to appear, all under the hand of the clerk of the court, or of a judge or justice thereof; and county clerks may issue such orders and certify such copies in or out of term time, and before and after the entry of said action in court."

"1403.  The delivery of such copies may be made by a person not a party, and the proof thereof shall be by affidavit, stating the time and place of delivery, the age of the defendant, or that he is above twenty-one years of age, and the reason why he knew the person to whom the copies were delivered to be the person mentioned therein as a party."

"1404.  Upon such notice so given to a party at least twenty days before the time when he is required to appear, the same proceedings may be had, so far as to affect the title to or the right to the possession of goods, chattels, rights, credits, land, tenements, or hereditaments in the State, as if such process or pleadings had been served on a party in the State."

C. G. Austin, for the plaintiff.

The defendant in the original suit was a non-resident.  No recognizance for review was entered into.  Hence the judgment should be set aside.  R. L. ss. 1406, 1407; Alexander v. Abbott, 21 Vt. 476; Marvin v. Wilkins, 1 Aik. 107; Whitney v. Silver, 22 Vt. 634; Kidder v. Hadley, 25 Vt. 544; Rollins v. Clement, 49 Vt. 98; Folsom v. Conner, 49 Vt. 4; Hawley v. Mead, 52 Vt. 343.

Hogle *v.* Mott.

R. L. ss. 1402–4 applies only to County Courts. As to any court the statute is in contravention of the 14th amendment and void. *Bell* v. *Sleeper*, 23 Vt. 573 ; *Quimby* v. *Hazen*, 54 Vt. 132.

*Wilson & Hall*, for the defendant.

The service in the case was personal service under the statute, hence no recognizance was necessary.

The judgment was in the nature of a judgment *in rem*, and the statute authorizing such service was not repugnant to the 14th amendment. Cool. Con. Lim., 403–404 ; *Matter of the Empire City Bank*, 18 N. Y. 215 ; *Rockwell* v. *Nearing*, 35 N. Y. 314.

The opinion of the court was delivered by

MUNSON, J. *Audita querela* is brought to set aside a justice judgment in a trustee suit. The defendant in that suit was a non-resident, and there was no personal service of the writ. The case was continued, and an order made that notice be given the defendant by the delivery of copies, as provided in R. L. 1402–1404. On the day appointed, the defendant not appearing, proof of notice in accordance with the order was duly made. The defendant was then defaulted, and judgment was rendered against him and against the trustee.

It is claimed that R. L. 1402–1404 do not apply to justice courts. We think it is clear that they do. These sections are a revision of No. 48 of the acts of 1878. Until the passage of that act, the law was silent as to the manner in which personal notice of the pendency of a suit should be given to an absent defendant. The necessity for some enactment upon this subject was quite as apparent in the proceedings of justice courts as in those of the higher tribunals. The original statute applied to actions in " any court," and there is nothing in the language of the revision which indicates an intention to change the law in that respect. We fail to discover any substantial support for the claim that justice courts are not included. It is true that the papers are to issue under the hand " of the clerk of the

court, or of a judge or justice thereof," and that so much of this-clause as relates to the clerk can have no application to justice courts. But the part relating to the clerk is necessary to the convenient operation of the law in courts having a clerk, while the remainder of the clause is a complete provision for courts. which have none. Indeed, the expression " a judge or justice thereof " must be held to include the justice court. No force can be given to the word " justice " but by this construction. There is no judicial officer known to our law as a " justice " except the justice of the peace. We could not adopt the construction contended for without considering that the Legislature, in. referring to certain judicial officers, undertook to make a sufficient designation more unmistakable by adding a term properly applicable only to an officer it was intended to exclude. It would require positive and controlling language in other parts of the statute to bring us to such a conclusion.

Notice to a non-resident defendant in a justice suit in accordance with the requirements of these sections is therefore sufficient. That notice having been given here, only such further proceedings were needed to reach and hold the money in the hands of the trustee as would have been necessary if there had been personal service of the writ.

It is claimed, however, that by this proceeding the non-resident is deprived of his property without due process of law, and that under the fourteenth amendment to the Federal Constitution the statute authorizing the proceeding is nugatory. The view taken by counsel would require personal service of process in every case of attachment. It is evident that such a requirement would effectually deprive a State of its jurisdiction over the property of non-residents within its territory. It is only by means of some notice other than personal service that the State is enabled through its tribunals to appropriate property so owned. in satisfaction of the claims of its citizens. The right of a State to authorize notice by publication or other substituted service, in connection with an attachment of property owned by a non-resident, has been long and uniformly recognized. This method

of procedure, and the rights depending upon it, were not over-thrown by the adoption of the fourteenth amendment. Notice in such manner as may be provided by the laws of the State where the property is located, is sufficient to support a proceed-ing *in rem*. An attachment by trustee process is such a proceeding. This judgment is of binding force so far as to enable the party recovering it to hold the property found and attached in this State. The question of its validity for any other purpose is not involved. *Price* v. *Hickok*, 39 Vt. 292; *National Bank* v. *Peabody*, 55 Vt. 492; *Pennoyer* v. *Neff*, 95 U. S. 714; Cool. Con. Lim. 403; Sto. Conf. Laws, s. 592a.

The claim that the judgment should be set aside because of a defense arising since its rendition cannot be sustained. The money for which the trustee was adjudged chargeable was in no way litigated in the suit in New York. The only item recovered in the judgment sought to be set aside which entered into the New York judgment was the one hundred dollars cash paid. This was credited as cash received by the plaintiff in the New York suit, in his specification. The hearing and judgment upon it were subsequent to the judgment against him in this State. Thus he permitted the credit to stand after the item had been included in an adjudication of which he had notice. By so doing, he in effect voluntarily paid that portion of the judgment recov-ered here for which there was no security. This reduction of the claim upon which judgment was obtained in New York does not entitle the plaintiff in that suit to deprive the other party of the prior judgment by virtue of which he holds the money attached here.

A claim is made that the judgment should be set aside because fraudulently obtained. We consider the matters to which our attention has been directed insufficient to sustain the claim.

*Judgment affirmed.*