JOHN JONES

v.

P. J. DILLIHANTY AND TRUSTEE.

October Term, 1895.

*Trustee process. Absent defendant. Service.*

In trustee process against an absent defendant, service need not necessarily be made by delivery of copy without the state under V. S., s. 1641, but the plaintiff may, at his election, proceed by notice by publication under the statutes in force when V. S., s. 1641 was enacted.

Exceptions from the city court of Rutland. Assumpsit. The defendant resided in the state of New York, and the only service upon him was by leaving a copy for him with the trustee and by publication. Judgment against the principal defendant by default and against the trustee upon his disclosure. The trustee objected that sufficient service had not been made upon the defendant and excepted to the judgment of the court overruling this objection.

*F. S. Platt* for the trustee.

The judgment against the principal defendant without notice is not binding upon him and would not protect the trustee. *Ward* v. *Boyce,* 80 Hun. 499; *Martin* v. *C. V. Rd. Co.,* 50 Hun. 347; *Osgood* v. *McGinn,* 61 N. Y. 542.

*Jones & Rice* for the plaintiff.

The judgment is a full protection to the trustee.   *Seward* v. *Hefflin*, 20 Vt. 144, 150; *Spafford* v. *Page*, 15 Vt. 490; *Nichols* v. *Hooper*, 61 Vt. 295; *Gray* v. *Delaware & Hudson Canal Co.*, 5 Abb. N. S. 131.

START, J.   The action was commenced by trustee process, returnable before the city court of Rutland.    The principal defendant being a non-resident and absent from the state, the writ was served on him by leaving a copy thereof with the trustee, as is required by V. S., s. 1319. The court continued the cause, pursuant to V. S., s. 1645, for notice to the defendant, and judgment was finally rendered against him by default, and the trustee adjudged liable. The only question presented for consideration by counsel for the trustee, is whether notice should have been given to the defendant by serving the writ upon him without the state, as is authorized by V. S., s. 1641.

This section provides, that, when an action is commenced, an absent defendant, residing or being without the state so that process cannot be served on him, may be notified of the pendency of such action and given opportunity to make defense therein, by the delivery to him personally, at any place without the state, of copies of the process and pleadings, and of an order for such delivery, stating the time and place when and where he is required to appear, all under the hand of the clerk, or judge of the court, or a justice.    V. S., s. 1643, was enacted at the same time as section 1641 and provides that, upon such notice, so given to a party at least twenty days before the time when he is required to appear, the same proceedings may be had, so far as to affect the title or right to the possession of goods, chattels, rights, credits, land, tenements or hereditaments in the state, as if such process or pleading had been served on a party in this state.

These sections were first enacted in 1878.    Before their enactment the statute did not provide for personal notice to

an absent defendant by service of the process or pleadings upon him without the state, but did contain provisions for appropriating a debt due from a resident of this state to a non-resident or absent person, to the payment of debts due from such non-resident or absent person, without actual notice to him. Such debts could be attached on trustee process by leaving a copy of the writ in the hands of the trustee for the defendant. V. S., s. 1319. If the writ was returnable before the county court, notice was required to be given by publication, unless it appeared to the court that the defendant had notice of such service of the writ twelve days before the sitting of the court. V. S., s. 1644. If the writ was returnable before a city or justice court, it was the duty of the court to continue the cause for notice, when it appeared to the satisfaction of the court that the defendant was out of the state at the commencement of the suit, and had not returned in season to attend the trial. V. S., s. 1645. But, in all such cases, when judgment was rendered against such absent defendant, upon default, without proof of personal notice, execution or writ of possession could not lawfully issue until the plaintiff, his agent or attorney, gave security by way of recognizance, with sufficient surety, taken to the absent defendant in double the value of the estate or money recovered by the judgment, conditioned to pay such sum as should be recovered by such absent defendant by writ of review. V. S., ss. 1644–1651.

These statutes were first enacted long before the passage of the enactment providing for the service of the process or pleading upon an absent defendant, without the state; and they were in force at the time the process in this case was served, and the proceedings had before the court below, unless the act of 1878, providing for service of process or pleadings without the state, by implication, repealed some of them. We think that the passage of this act did not have the effect to repeal any of the statutes then in force, relating

to the appropriation of the property, rights or credits of a non-resident or absent debtor, situate in this state, to the payment of debts due from him ; that these statutes are still in force ; and that, under them, the property of an absent debtor may be appropriated to the payment of debts due from him, by a strict compliance with their provisions, notwithstanding the act of 1878. It is evident that one of the purposes of the act of 1878 was to enable a creditor, if he so elected, to give notice to an absent defendant of the pendency of a suit against him, by service of process or pleadings upon him without the state, and thereby obtain an execution or writ of possession without entering into a recognizance, with sureties, conditioned as is provided by V. S., ss. 1646–1652.

The act of 1878 does not require that the process or pleading shall be served on an absent defendant, without the state. If his whereabouts were unknown, it would be impossible to do so. It only provides that they may be served ; and, when so served, the same proceedings may be had, so far as affecting the title or right to the possession of goods, chattels, rights, credits, land, tenements or hereditaments in this state is concerned, as if such process or pleading had been served on the party in this state. When a writ is served on a party in this state, execution or writ of possession may lawfully issue without giving security for the payment of such sum as may be recovered by writ of review. Since the passage of this act, a party plaintiff may have his writ served on an absent defendant, without the state ; and, if this is done and judgment is recovered upon default, or otherwise, he may have execution and appropriate the property of the debtor, found in this state and taken on the original writ by attachment or trustee process, to the payment of the judgment recovered, without giving security by way of recognizance, conditioned for the payment of such sum as the absent defendant might recover by writ of review. If this is not done, and judgment is rendered upon default, without proof

that the absent defendant had personal notice of the pendency of the suit, execution or writ of possession cannot lawfully issue until such security is given.

We, therefore, hold that the service of the writ and procedure in the court below were in conformity to the mandatory requirements of the statute.

*Judgment affirmed.*