SWANTON SAVINGS BANK & TRUST CO. *v.* ISRAEL SHAPIRO ET AL.

February Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed May 5, 1931.

346

*H. J. Holden pro se.*

*A. W. Butler* for defendant Shapiro.

SLACK, J. This is a bill of interpleader. The plaintiff is a banking institution doing business at Swanton. On April 13, 1929, Israel Shapiro who was then doing business in St. Albans under the name of the Hub Department Store drew a check on the plaintiff for two hundred dollars, payable to the order of Thomas K. Kelly, and delivered it to one Lund. Two days later Lund procured the bank to certify this check. April 18, Shapiro, as the Hub Department Store, brought an action of contract returnable to the Franklin County court against the T. K. Kelly Sales System of Minneapolis in the state of Minnesota and summoned the bank as trustee. On April 24, the check was presented to the bank for payment which was refused because of the pendency of that suit. On August 24, the defendant Holden brought suit in his own name against the plaintiff herein returnable to the St. Albans city court to recover the amount of the Kelly check. These suits were pending at the time this suit was commenced. Shapiro and Holden were ordered to interplead their respective rights to the funds in the

hands of the bank, and did so. A hearing was had on the merits before a chancellor who found and stated the facts and entered a decree thereon for Shapiro from which Holden appealed. Holden also saved exceptions to the admission of certain evidence, the findings, and the failure of the chancellor to find as requested.

The material findings are these: The T. K. Kelly Sales System, hereafter called the Sales System, is a foreign corporation of which Thomas K. Kelly is president. In April, 1929, Shapiro, under the name of the Hub Department Store, employed the Sales System to conduct a sale in the Hub Department Store. The Sales System agreed to conduct the sale and furnish an expert to have charge of it. Such expert was to be at the store eight days before the sale commenced and arrange for the advertising, and remain three weeks thereafter. For this service the Sales System was to receive six hundred dollars. The Sales System sent one Lund "as its claimed expert." He was incompetent, and addicted to the use of intoxicating liquor, and remained at the store only nine days. The Hub Department Store was damaged *approximately* six hundred dollars by reason of the Sales System's employment, and seeks to recover the fund in question in part payment of its loss. The Kelly check was drawn, delivered, and certified in the manner above stated. It was given to Kelly "to apply upon the Kelly Sales System contract, and in fact came into the hands of the Kelly Sales System and was endorsed by it before protest for the purpose of collection." It was protested April 24 because the bank had been notified by the Hub Department Store not to pay it. Shapiro, as the Hub Department Store, bought the suit first above mentioned against the Sales System and the bank as trustee. The only service therein on the Sales System was by "delivering a copy to Lund for the Kelly Sales System." The Sales System never appeared in that suit. Holden holds the Kelly check for collection. He has brought suit thereon in his own name against the bank, and has also entered as claimant to the funds in the hands of the trustee in the Shapiro suit.

■■ It is a well-established rule that parties required to interplead must prevail on the strength of their own title rather than on the weakness of that of the adversary. *Conway* v. *Caswell*, 121 Ga. 254, 48 S. E. 956, 2 Ann. Cas. 264; *Mut. Life Ins. Co.* v. *Ritsher*, 196 Ill. App. 27; *Modern Woodmen of*

348

*America* v. *Headle,* 88 Vt. 37, 90 Atl. 893, L. R. A. 1915A, 580; 33 C. J. 464; 15 R. C. L. 233. On the facts found Shapiro is not entitled to the fund in question, regardless of whether it belongs to Kelly or to the Kelly Sales System. He may have a valid claim against the latter for breach of its contract, but even so he is not entitled to take its property in execution, or have this fund decreed to him, until the validity of such claim is established in a proceeding wherein the Sales System has an opportunity to be heard.

The Sales System is not a party to the present suit, and the service made, or attempted, upon it in the Shapiro suit did not require it to appear therein or entitle the plaintiff to a default judgment if it failed to do so. The statute provides ample means for reaching goods, effects, and credits found within the State that belong to nonresidents. G. L. 1953 and G. L. Ch. 113. These various provisions are considered and the merits of each pointed out in *Jones* v. *Dillihanty,* 68 Vt. 490, 35 Atl. 462. See *Wade* v. *Wade's Admr.,* 81 Vt. 275, 69 Atl. 826; *Hogle* v. *Mott,* 62 Vt. 255, 20 Atl. 276, 22 A. S. R. 106; *National Bank* v. *Peabody Co.,* 55 Vt. 493, 45 A. R. 632, for effect of like service in other instances. Had Shapiro observed these and other statutory requirements respecting notice to absent defendants to be noticed later he might have obtained a judgment in his suit against the Sales System that would have entitled him to litigate his rights to the fund in question, even though the defendant therein did not appear. See cases cited above. But he is not in a position to do so as the matter now stands. *Sibley* v. *Johnson,* 43 Vt. 67. Nor is it apparent, in the circumstances, how he can better his situation. If he had complied with the requirements of G. L. 1953 by leaving a copy of the writ for the defendant in the hands of the trustee, he could still avail himself of the benefit of G. L. 2274 and by giving the notice therein provided to the Sales System be entitled to a default judgment against it in case it did not appear. But we think, and hold, in suits commenced by trustee process, that the service prescribed by the latter section of the statute and those that follow it presupposes that the requirements of G. L. 1953 respecting service on nonresident defendants have been complied with, else these provisions are meaningless. Since a copy of the process in Shapiro's suit against the Kelly Sales System was not left with the trustee for the defendant as re-

quired by G. L. 1953, Shapiro cannot now invoke the aid of G. L. 2274, if he desired to.

■ Other questions raised by Holden need not be considered. It follows that Shapiro's suit is a nullity, and he will be restrained from proceeding further therein. Since this is so, and since he is the only one who opposes Holden's claim to the fund in question, it should be decreed to Holden. .

*Decree reversed, and cause remanded with directions that Shapiro be enjoined from further prosecution of his suit against the T. K. Kelly Sales System; that the Thomas K. Kelly check be impounded with the court of chancery; that the proceeds thereof now in the hands of that court be paid to the said H. J. Holden, and that he recover his costs in these proceedings from Shapiro.*